Filed 12/18/25  Rogers v. Pacifica Companies CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| AMANDA ROGERS,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PACIFICA COMPANIES LLC et al.,<br><br>Defendants and Appellants. | D084238<br><br><br><br>(Super. Ct. No.<br> 37-2023-00023685-CU-OE-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Littler Mendelson, Robert S. Blumberg, Brooke S. Hammond, and Devon S. Mills, for Defendants and Appellants.

Sullivan & Yaeckel Law Group, Eric K. Yaeckel, Ryan T. Kuhn, and Karoline D. Kitlowski, for Plaintiff and Respondent.

In *Rodriguez v. Packers Sanitation Services LTD., LLC* (2025) 109 Cal.App.5th 69 (*Rodriguez*), review granted May 14, 2025, S290182, we held

that if, upon review of the complaint, a plaintiff in an action brought under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code,[1] § 2698 et seq.) chooses to forego the individual components of his or her PAGA claims, and pursue only the non-individual components on behalf of himself or herself and other aggrieved employees, the trial court should deny the employer's motion to compel arbitration because there is no individual dispute to arbitrate.

In this case, the trial court concluded that plaintiff Amanda Rogers had elected *not* to pursue any individual PAGA claims in her complaint against defendants Pacifica Companies LLC; Pacifica Hosts, Inc.; Oasis Outsourcing, LLC; and Prospect Hospitality LP (collectively, appellants), and denied appellants' motion to compel arbitration. Following *Rodriguez, supra*, 109 Cal.App.5th 69, review granted, we affirm the order denying appellants' motion to compel arbitration.[2]

I.

Rogers worked as a server for defendant Prospect Hospitality, which does business as La Valencia Hotel, between April 2021 and February 2023. Rogers's electronic signature appears on a document labeled "Employee Acknowledgements," which includes a provision requiring her to arbitrate

---

[1] All statutory references are to the Labor Code unless otherwise indicated.

[2] Rogers asks us to take judicial notice of an order issued in another matter. Because that order is not necessary to our conclusion, the request for judicial notice is denied.

any employment-related dispute that arises between Rogers and "Oasis Outsourcing LLC or an affiliate company or [her] Worksite Employer."[3]

In June 2023, Rogers filed a PAGA complaint against appellants alleging various violations of the Labor Code. She did so "in a Representative capacity <u>only</u>."

Appellants moved to: compel arbitration of Roger's "individual [PAGA] claims," dismiss Rogers's representative PAGA claim for lack of standing under *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*), and dismiss the matter completely since no individual or representative claims were left to litigate. Rogers raised several arguments in opposition, including that appellants improperly sought to compel arbitration of individual PAGA claims since she brought suit "in a representative capacity <u>only</u>, with no 'individual' claims."

In reply, appellants argued Rogers could not "skip over her individual claims and proceed directly to litigating her representative claims" without an arbitrator determining whether Rogers had standing as an aggrieved employee under PAGA.

The trial court denied appellants' motions, relying on our Supreme Court's decision in *Adolph v. Uber Techs., Inc.* (2023) 14 Cal.5th 1104 (*Adolph*). The court found that Rogers's complaint alleged only a representative PAGA claim and did not include an individual claim, and therefore, there was no claim that Rogers could be compelled to arbitrate.

---

[3] Parties dispute whether the arbitration agreement was validly entered, which of the defendants may enforce it, and whether enforcement of the agreement is unconscionable. In light of our conclusion, we decline to address other arguments raised by the parties.

The parties acknowledge that there is a split of authority in the courts of appeal on whether a PAGA action necessarily includes both individual and non-individual claims. In *Leeper v. Shipt, Inc.* (2024) 107 Cal.App.5th 1001, review granted April 16, 2025, S289305 (*Leeper*), the Second District held that PAGA actions necessarily include an individual component. In *Rodriguez,* which is now also pending review, we disagreed with the reasoning of *Leeper.* (*Rodriguez, supra,* 109 Cal.App.5th at pp. 79-80, review granted.)

Appellants urge us not to follow *Rodriguez.* Appellants contend: (1) every PAGA action includes an individual component under the plain language of section 2699, citing the *Leeper* court's construction of that statute; (2) the Federal Arbitration Act (FAA) preempts California state law and requires Rogers to arbitrate her individual PAGA claims; and (3) there are compelling reasons for us to depart from *Rodriguez*—namely the ongoing district split, the Supreme Court's decision to review both *Leeper, supra,* 107 Cal.App.5th 1001, review granted and *Rodriguez, supra,* 109 Cal.App.5th 69, review granted, and that *Rodriguez* erroneously interpreted the statute and legislative intent.

Whether a plaintiff can choose to bring only a non-individual PAGA action is a question currently before our Supreme Court that goes beyond the scope of this appeal. As we said in *Rodriguez,* even if were to agree with *Leeper*'s interpretation of section 2699 that an individual PAGA claim is a necessary component of a PAGA action—which we do not decide today—we would not automatically conclude that Rogers's complaint necessarily includes individual PAGA claims for purposes of appellants' motion to compel arbitration. As in *Rodriguez,* "the relevant question for our purposes is

whether [Rogers's] complaint does assert an individual PAGA claim, not whether it *should* include such a claim." (*Rodriguez*, 109 Cal.App.5th at p. 81, review granted.)

We are persuaded Rogers is not seeking individual PAGA relief. First, her complaint directly expresses the intent to assert only non-individual claims by stating throughout that she files suit "in a Representative capacity only" and "brings this action in a representative capacity." Second, while Rogers notes in the complaint that civil penalties are "recoverable by Plaintiff on behalf of herself," she seeks statutory civil penalties only "for each underpaid employee" subjected to appellants' conduct. Third, while Rogers's complaint identifies herself as an aggrieved employee, this is consistent with an intent to represent non-individual PAGA claims, since she must be an aggrieved employee to have standing to bring such claims. (*Adolph, supra,* 14 Cal.5th at p. 1114.) The complaint alleges one example of appellants' conduct Rogers experienced herself, but this is simply "part of what makes an employee aggrieved." (*Rodriguez, supra*, 109 Cal.App.5th at p. 77; see *Adolph, supra*, 14 Cal.5th at p. 1114 [employee must show she was "subjected to at least one unlawful practice" to have standing to serve as a PAGA representative].)

As to appellants' FAA argument, we acknowledge that when the FAA applies, it ordinarily compels enforcement of an agreement to arbitrate a plaintiff's individual PAGA claim. (*Viking River, supra*, 596 U.S. at pp. 659–662.) But our Supreme Court in *Adolph* preserved a plaintiff's right to litigate non-individual claims in court, consistent with the Legislature's intent to ensure effective enforcement of the Labor Code. (*Adolph, supra*, 14 Cal.5th at pp. 1123.) The question before us here, however, is whether Rogers has asserted any individual PAGA claim that must be compelled to

5

arbitration under *Viking River*. Because we have concluded Rogers has not asserted an individual PAGA claim, the trial court did not err by denying the motion to compel arbitration.

Instead of *Rodriguez*, appellants urge us to follow *Williams v. Alacrity Solutions Group, LLC* (2025) 110 Cal.App.5th 932, review granted July 9, 2025, S291199, in which the Second District affirmed the sustaining of a demurrer without leave to amend. But unlike *Williams*, and as in *Rodriguez*, this case "is an appeal from an order resolving a motion to compel arbitration, not a motion challenging the sufficiency of the complaint." (*Rodriguez, supra*, 109 Cal.App.5th at p. 81, review granted.) Appellants here sought to compel arbitration of Rogers's individual PAGA claim. As indicated, "[t]he relevant question for our purposes is whether [Rogers]'s complaint does assert an individual PAGA claim, not whether it *should* include such a claim." (*Ibid.*) Because we conclude Rogers has not asserted an individual PAGA claim, the trial court could not have committed error by refusing to compel arbitration of a claim Rogers did not assert.[4]

---

[4] To the extent appellants urge us not to follow *Rodriguez* because it was wrongly decided, we disagree.

DISPOSITION

The order denying appellants' motion to compel arbitration is affirmed. Rogers is entitled to recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.

7